The Law Offices of Avrum J. Rosen, PLLC
Counsel to Richard L. Stern
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x

In re:

      COOL SHEETMETAL INC,                    Chapter 7
                                        Case No.: 13-74652-ast

                    Debtor.

----------------------------------------------------------x

RICHARD L. STERN as Trustee of the
Estate of Cool Sheetmetal Inc.,

                    Plaintiff,

                  -against-                        Adv. Pro. No.: 14--ast

CPN MECHANICAL INC.,

                    Defendants

----------------------------------------------------------x

## COMPLAINT

Richard L. Stern, the chapter 7 trustee and plaintiff herein (the "Trustee" or the "Plaintiff") in the above captioned matter, by and through his counsel, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for his complaint (the "Complaint") seeking to recover property of the estate held by CPN Mechanical, Inc. ("CPN"), the defendant herein (the "Defendant"), and states as follows:

## THE PARTIES

1. Richard L. Stern is the Plaintiff and the Trustee herein.

2. CPN is a business with an address for service of process of 27 Kirkwood Drive, Glen Cove, New York 11542, attention Yvonne Nikolis and/or Constantine P. Nikolis,

Principals.

## JURISDICTIONAL PREDICATE

3.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 (a) and 1334.

4.    The United States Bankruptcy Court for the Eastern District of New York is the proper venue for this proceeding in accordance with 28 U.S.C. §§ 1408 and 1409 (a).

5.    The statutory predicates for the relief sought herein are 11 U.S.C.§§ 542, 544, 549, and 551; Bankruptcy Rules 7001 *et. seq.,* and common law principles of unjust enrichment.

6.    This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157 (a), (b)(2)(A), (E), (H), (N), and (O) and Bankruptcy Rules 7001 *et. seq.*

7.    In the event that this Court determines that this cause of action, as alleged herein, is not a core proceeding, the Plaintiff consents to the entry of final orders and judgment by this Court determining such causes of action.

## BACKGROUND

8.    On September 9, 2013, (the "Petition Date") the Debtor filed a voluntary petition for relief from its creditors pursuant to chapter 11 of the Bankruptcy Code.

9.    By Order of the Court dated May 30, 2014, the instant case was converted from one under chapter 11 of the Bankruptcy Code, to one under chapter 7 of the Bankruptcy Code.

10.    Richard L. Stern was appointed as the interim Trustee and thereafter did duly qualify as the permanent case Trustee.

11.    Prior to the commencement of the instant case, the Debtor, represented by

counsel, negotiated and enter into a stipulation of settlement (the "Stipulation") with CPN. Pursuant to this Stipulation, CPN was obligated to remit to the Debtor, not less than $250,000.00 in full settlement of any and all claims between CPN and the Debtor that existed with respect to a certain project in which the Debtor provided materials and service.

12.     The Stipulation was executed on July 7, 2011. It obligated CPN to commence payments in a monthly amount of $2,000.00 on or before September 2, 2011. Pursuant to this Stipulation, payments are to be remitted up to and including January 1, 2022.

13.     CPN was represented by Jason Samuels, Esq., in connection with the Stipulation.

14.     The Trustee, by and through his counsel, confirmed with Mr. Samuels that (i) CPN has never been in default of this Stipulation; and (ii) has continued to remit the payments pursuant to the Stipulation. As required under the Stipulation, payments have been remitted to Gutman & Gutman, the Debtor's pre-petition counsel and not to the Debtor.

15.     Upon information and belief, Gutman & Gutman has never remitted any portion of the payments it had been receiving to the Debtor. Instead, upon information and belief, Gutman and Gutman retained the payments and applied them to alleged amounts due and owing it in connection with legal work performed on behalf of the Debtor.

16.     A separate adversary proceeding was commenced against Gutman & Gutman to recover the payments remitted by the Defendant to it.

17.     A demand notice was sent to the Defendant directing it to cease remitting payments to Gutman & Gutman and to remit the payments to the Plaintiff. Despite the demand, the Defendant has failed or refused to remit the payments due and owing the Debtor, to the Plaintiff Trustee.

18.     Accordingly, the Plaintiff seeks the entry of an Order of this Court determining

that the amounts due and owing the Debtor from the Defendant constitutes property of the estate and directing judgment against the Defendant and directing that it remit all payments due under the stipulation to the Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
## PURSUANT TO 11 U.S.C. § 542

19.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "18" as if each were more fully set forth herein.

20.    Pursuant to section 542 of the Bankruptcy Code, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use under section 363 of the Bankruptcy Code, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value to the estate.

21.    The Defendant is and was not a custodian.

22.    The Defendant is and was in possession, custody, or control, during the case, of the funds described herein.

23.    The Trustee could have used the property under section 363 of the Bankruptcy Code.

24.    The property described herein is not of inconsequential value to the estate.

25.    The Defendant must account for, and turn over to the Trustee, the sum of not less than $200,000.00 pursuant to section 542 of the Bankruptcy Code.

**WHEREFORE,** the Plaintiff respectfully demands judgment as set forth herein, together with such other and further relief that this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
        September 3, 2014

The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Richard L. Stern

BY:    S/Fred S. Kantrow
       Fred S. Kantrow
       38 New Street
       Huntington, New York 11743
       631 423 8527
       Fkantrow@avrumrosenlaw.com